UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV20-313 MCS (JDEx) | Date  October 27, 2020 |
| Title  *James Rutherford v. Basraon LLC et al* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  (IN CHAMBERS) ORDER RE PROSECUTION OF CERTAIN CASES UNDER THE AMERICANS WITH DISABILITIES ACT

The Court presides over many cases under the Americans with Disabilities Act ("ADA") involving physical barriers in places of public accommodation. Most of these cases are brought by a small number of repeat plaintiffs and an even smaller number of law firms. With respect to these cases, the Court finds:

1. The small number of repeat law firms in this area rarely prosecute their cases until the Court issues an order to show cause.

2. Many of these cases result in defaults, which means that in many of these cases the Court is forced to send three orders to show cause re prosecution: one for failure to serve, one for failure to seek entry of default, and one for failure to move for default judgment.

3. Given the enormous number of these cases, the need to track the lack of prosecution in these cases and send repeated orders to show cause has placed a significant burden on the limited resources of the Court.

Therefore, the Court finds that there is good cause to institute a limited scheduling order concerning basic case prosecution for cases under the ADA involving physical barriers in places of public accommodation. In such cases:

1. *Proofs of Service*: Proofs of service for all defendants must be filed within **100 days** of the filing of the case absent a previously approved extension of time by the Court or a motion or responsive pleading by all defendants. (The Court expects that the Complaint will be served on all parties promptly after filing.)

2. *Requests for Default*: For any defendant who fails to respond to the Complaint within the time provided by the Federal Rules of Civil Procedure and for whom no extension has been granted, a request for default must be filed no later than **seven days** after the time the response to the Complaint would have been due.

3. *Motions for Default Judgment*: If only defaulted defendants remain in the case—that is, no other defendants were named or the claims against all other defendants have been resolved either by dismissal, motion, or trial—a motion for default judgment must be filed within **30 days** of the last entry of default. Note that the Court is not generally inclined to enter partial default judgments, and, therefore, a motion for default judgment should not be filed if some defendants have appeared and the case has not otherwise been completely resolved.

This Order serves as notice that failure to comply with any of the requirements set forth in this Order will result in dismissal of the action in its entirety and/or the defendant that is the subject of the required proof of service, request for default, or motion for default judgment. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

Monetary sanctions also will be imposed for failure to comply. The first failure to comply with this Order will result in a sanction of **$300**, the second failure will result in a sanction of **$450**, and any further failure will result in a sanction of **$750**. The Court finds these sanctions sufficient and necessary to deter violations of the Order and to achieve timely prosecution of these cases without unnecessary intervention by the Court.

**IT IS SO ORDERED.**