Kam Kooshki, (SBN 232315)
Sammy Zreik   (SBN 249020)
**WHITBECK, KOOSHKI & ZREIK LLP**
21515 Hawthorne Blvd. #1130
Torrance, CA 90503
Tel:   (888) 972-9477
Fax:   (310) 540-1112

Attorney for Defendant
BASRAON LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual; | Case No.: 8-20-cv-00313-MCS-JDE |
| Plaintiff(s), | **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| BASRAON LLC, a California limited liability company; and DOES 1 through 10, inclusive. | *[Filed Concurrently with the Statement of Uncontroverted Facts and Conclusions of Law; Declaration of Abel Machado; and Proposed Order]* |
| Defendant(s). | **Hearing**<br>Date: March 1, 2021<br>Time: 9:00 AM<br>Ctrm.: 7C<br>350 W. 1st Street, Courtroom 7C, 7th FL<br>Los Angeles, CA 90012 |
| | Complaint Filed:   February 18, 2020<br>Trial Date:          July 13, 2021 at 8:30 AM |

i

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................2

II. FACTUAL BACKGROUND ................................................................................2

III. SUMMARY JUDGMENT STANDARDS ...........................................................3

IV. PLAINTIFF'S INJUNCTIVE CLAIMS UNDER ADA AND HSC ARE MOOT AND MUST BE DISMISSED ..................................................................3

    A. Injunctive Relief Is The Only Remedy Available Under The ADA And HSC ..................................................................................................4

    B. The Alleged Barriers In The Complaint Are No Longer Present At The Restaurant .............................................................................................4

V. THE COURT SHOULD GRANT SUMMARY JUDGMENT OVER PLAINTIFF'S STATE LAW CLAIMS BECAUSE PLAINTIF FAILS TO ALLEGE HOW THE BARRIERS PERSONALY IMPACTED HIM ...................5

VI. IF THE COURT DOES NOT GRANT FULL SUMMARY JUDGMENT TO BOSTON MARKET ON ALL CLAIMS, IT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS .................................................................................................................6.

VII. CONCLUSION .....................................................................................................7.

LAW OFFICE OF WHITEBECK, KOOSHKI & ZREIK LLP
21515 Hawthorne Blvd. #1130, Torrance Ca 90503

ii

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

Page

Federal Cases

*Acri v. Varian Associates, Inc.,*

    114 F.3d 999 (9th Cir. 1997)……………………………………………………………..5

*Carnegie-Mellon Univ. v. Cohill,*

    484 U.S. 343 (1988)……………………………………………………………………..6

*Celotex Corp. v. Catrett*,

    477 U.S. 317 (1986)…………………………………………………………………...2, 3

*Chapman v. Pier 1 Imports (U.S.) Inc.,*

    631 F.3d 939 (9th Cir. 2011)……………………………………………………………..5

*City of Los Angeles v. Lyons,*

    461 U.S. 95 (1983)………………………………………………………………………4

*Executive Software N. Am., Inc. v. United States Court for Central District of Cal.,*

    24 F.3d 1545 (9th Cir. 1994)……………………………………………………………..6

*Gini v. Las Vegas metropolitan Police Dept.,*

    40 F.3d 1041 (9th Cir. 1994)……………………………………………………………..6

*Louie v. BFS Retail & Commercial Operations, L.L.C.,*

    2008 WL 648458 (E.D. Cal. Feb. 28, 2008)……………………………………………..7

*Matsushita Elec. Indus. Co. v. Zenith Radio,*

    475 U.S. 574 (1986)…………………………………………………………………...3

*Molski v. Madarin Touch,*

    359 F.Supp. 2d 924 (C.D. Cal. 2005)……………………………………………………6

*Oliver v. Ralphs Grocery Co.,*

    654 F.3d 903 (9th Cir 2011)…………………………………………………………...3

LAW OFFICE OF WHITEBECK, KOOSHKI & ZREIK LLP
21515 Hawthorne Blvd. #1130, Torrance Ca 90503

iii

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TABLE OF AUTHORITIES (cont'd)**

Page

*Parr v. L & L Drive-Inn Restaurant,*

    96 F.Supp. 2d 1065 (2000)……………………………………………………………3, 4

*Sanford v. Del Taco, Inc.,*

    2006 WL 1310318 (E.D. Cal. May 12, 2006)……………………………………...7

*Wander v. Kaus*,

    304 F.3d 856 (9th Cir. 2002)……………………………………………………..7

State Cases

*Reycraft v. Lee*,

    (2009) 177 Cal. App. 4th 1211……………………………………………………..5

Federal Statutes

28 U.S.C. §1367……………………………………………………………………………..5

48 U.S.C. §12182……………………………………………………………………………3

42 U.S.C. §12188……………………………………………………………………………3

State Statutes

Cal. Civ. Code §52…………………………………………………………………………..5

Cal. Civ. Code §54.3………………………………………………………………………...5

Cal. Civ. Code §55.56……………………………………………………………………….5

Cal. Health & Safety Code §19953………………………………………………………….3, 4

Federal Rules

Fed. R. Civ. Proc. 56………………………………………………………………………...2, 3

**PLEASE TAKE NOTICE** that on March 1, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, before the Honorable Mark C. Scarsi, located at First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, CA 90012, Defendant BASRAON LLC d/b/a KENTUCKY FRIED CHICKEN will and hereby do move the Court, pursuant to Federal Rules of Civil Procedure 56, for an order granting summary judgment, or in the alternative, partial summary judgment, against Plaintiff JAMES RUTHERFORD's ("Plaintiff" or "Rutherford") Complaint.

GROUNDS FOR MOTION: This motion is made on the grounds that Plaintiff's federal and state law injunctive claims are moot. In addition, Plaintiff's state law damage claim is without basis given that he did not encounter any barriers during any of his visits to the location at issue and was never deterred from visiting the location.

BASIS OF MOTION: This motion is based on this Notice of Motion and Motion, the points and Authorities submitted herein, the declarations submitted concurrently with this Motion, and such further arguments and papers that may be presented to the Court before or during the hearing.

Dated: December 30, 2020        **WHITBECK, KOOSHKI, & ZREIK LLP**

By: _____
Sam Zreik, ESQ.
Attorney for Defendant
BASRAON LLC

LAW OFFICE OF WHITEBECK, KOOSHKI & ZREIK LLP
21515 Hawthorne Blvd. #1130, Torrance Ca 90503

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Shortly after being served with the complaint in this matter, BASRAON LLC d/b/a KENTUCKY FRIED CHICKEN ("KFC") informed Plaintiff that it had previously entered into a settlement agreement with a different plaintiff that required KFC to assess all of its restaurants for accessibility compliance and make appropriate repairs as needed. Despite this knowledge, Plaintiff elected to continue with his claims. KFC has now addressed the claimed technical violations alleged by Plaintiff in his complaint, rendering Plaintiff's federal and state injunctive claims moot. KFC is thus entitled to summary judgment as a matter of law on all claims.

## II. FACTUAL BACKGROUND

Plaintiff, while visiting Restaurant, allegedly encountered difficulties using and accessing Restaurant. Plaintiff's Complaint alleges at the Kentucky Fried Chicken restaurant located at 1345 S. Main Street, Santa Ana, CA 92707 ("Restaurant") has the following violations: 1) there were no designated parking spaces available for persons with disabilities (Uncontroverted Material Fact, "UMF" #1); 2) has a curb ramp that projects into the parking roadway (UMF #2); 3) slope of the curb ramp flares at the curb ramp connecting the accessible parking spaces to the accessible route exceed 22% (UMF #3); 4) has no accessible routes connecting the parking to the main entrance or elements within the facility (UMF #4); 5) the grab bar in the restroom of the Restaurant measures only about 24 inches in length (UMF #5); 6) Restaurant restroom's water supply and drain pipes under the sink that are not insulated or otherwise configured to protect against contact (UMF #6); and 7) clear floor space at the interior of the restroom door that has less than the required 18 inches clearance on the latch side of the door (UMF#7). The Complaint fails to allege how any of the alleged violations specifically impacted Plaintiff's use of the facility or how it discriminated against him during his claimed visit to Defendant's Restaurant. (UMF #8).

2

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## III. SUMMARY JUDGEMENT STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Specifically, Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment…against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Id*. At 322. The party opposing a motion for summary judgment may not simply generally deny the moving party's allegations. Rather, it must designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Proc. 56(e). The non-moving party must show more than a "metaphysical doubt" as to the material facts. *Id*. (*Citing Matushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986).) Here, the undisputed facts demonstrate Plaintiff's federal and state injunctive claims are moot and, further, that he cannot establish his state claims for damages.

## IV. PLAINTIFF'S INJUNCTIVE CLAIMS UNDER ADA AND HSC ARE MOOT AND MUST BE DISMISSED

The exclusive remedy for a private right of action under both the ADA and the California Health & Safety Code section 19953 is injunctive relief. However, an injunction is not available where the relief sought has already been obtained. In addition, in an ADA claim, a plaintiff is limited to enjoining the barriers specifically alleged in his or her complaint. *Oliver v. Ralphs Grocery Co.* 654 F.3d 903 (9th 2011). Here, Plaintiff's claims against KFC are moot because there is nothing to enjoin. There is no dispute, nor can there be, that the two technical barriers alleged in the Complaint are not currently present at the Restaurant.

### A.     Injunctive Relief Is The Only Remedy Available Under The ADA AND HSC

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Injunctive relief is the only remedy available to private individual under the ADA. *See* 42 U.S.C. §12188(a); *See also Parr v. L&L Drive-Inn Restaurant*, 96 F.Supp. 2d 1065, 1086 (2000) ("injunctive relief is an available remedy for violations of [48 U.S.C.] section 12182(b)(2)(A)(iv)"). If no architectural barriers exist at the time the court is asked to provide relief, the ADA claim is moot because there is nothing for the court to order the facility to do. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). As illustrated by the *Parr* court,

> [i]f an ADA 'plaintiff[ ] [has] already…received everything to which [he] would have been entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot absent any basis for concluding that [this] plaintiff will again be subjected to the same wrongful conduct by this defendant.'

*Parr*, 96 F. Supp. 2d at 1087 (citation omitted); see also *Lyons*, 461 U.S. at 102 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by continuing, adverse.") Thus, if barriers do not exist during the entire course of the litigation, the ADA claim is moot.

Like the ADA, injunctive relief is the only remedy available to a plaintiff under California's Health & Safety Code. See id. at §19953 ("[a]ny person who is aggrieved or potentially aggrieved by a violation of this part…may bring an action to enjoin the violation."). Also, like the ADA, an HSC claim must be dismissed on grounds of mootness if the violation in question has been remedied. See e.g., *D'Lil v. Stardust Vacation Club*, 2001 WL 1825832 (E.D. Cal 2001).

**B.  The Alleged Barriers In The Complaint Are No Longer Present At The Restaurant**

A California Certified Access Specialist has reviewed the violations alleged by Plaintiff at the Restaurant in the Complaint are present at the Restaurant. (UMF #9). The alleged curb ramp which projects into the parking roadway and the slope of the curb ramp connecting the accessible

4

parking spaces to the accessible route have been corrected. (UMF #9). In addition, there are now accessible routes connecting the parking to the main entrance. (UMF #9). Moreover, the alleged issue with the grab bar in the restroom, the insulation of the drain pipes under the sink, the amount of clear floor space at the interior on the latch side of the restroom door, and the clearance around the water closet have all been corrected, and are no longer in existence. (UMF #9). As a result, there is simply noting to enjoin and KFC is entitled to summary judgment.

## V. THE COURT SHOULD GRANT SUMMARY JUDGEMENT OVER PLAINTIFF'S STATE LAW CLAIMS BECAUSE PLAINTIFF FAILS TO ALLEGE HOW THE BARRIERS PERSONALLY IMPACTED HIM

In addition, to injunctive claims, Plaintiff seeks recovery of statutory damages under California state law. However, Plaintiff's claims lack merit given that he fails to allege how any of the barriers specifically impact his particular disability.

Plaintiff's complaint fails to allege standing for his state law claims. Although alleging two barriers, Plaintiff fails to allege "how his disability was affected by time so as to deny him 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F. 3d 939, 954 (9th Cir. 2011).

In addition, recognizing a need to "improve compliance with access laws while protecting businesses from abusive litigation," the California legislature enacted Civil Code section 55.56 placing standing requirements on plaintiffs seeking statutory damages based on accessibility claims against places on public accommodation. (*See Reycraft v. Lee*, (2009) 177 Cal. App. 4th 1211 1227, n.5). Under the enactment, statutory damages are available under Civil Code sections 52(a) or 54.3(a) only, "if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. Code §55.56(a). Thus, Plaintiff must prove the violation of the

5

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

relevant construction standard at the restaurant and that he personally experience difficulty, discomfort or embarrassment due to the violation, or that he had knowledge of the violation and it would actually prevent his access to the Restaurant. *Id*. §55.56(c) & (d). Here, Plaintiff does ot allege that the claimed barriers relate to his disability or impacted his ability to access the restaurant. As a result, Plaintiff has no viable damage claim under California law and KFC is entitled to summary judgement as a matter of law.

## VI. IF THE COURT DOES NOT GRANT FULL SUMMARY JUDGMENT TO KFC ON ALL CLAIMS, IT SHOULD DECLINE TO EXERCISE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Plaintiff seeks to recover state law damages based on numerous purported visits to the restaurant without any notice to Defendant of his purported difficulties. Plaintiff attempts to stack these visits, seeking thousands of dollars of damages, without any attempt to mitigate his damages. As noted in 28 U.S.C. Section 1367(c), District Courts should decline to exercise supplemental jurisdiction over state law claims after dismissing the federal claim. See *Acri v. Varian Associates, Inc.,* 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Because primary responsibility for developing and applying state law rests with state courts, district courts should usually decline to exercise supplemental jurisdiction over state law claims when all federal claims are dismissed before trial. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F. 3d 1041, 1046 (9th Cir. 1994).

Here, the fact that the state law claims raise novel and complex state law issues is an even more compelling reason the Court should decline to exercise supplemental jurisdiction. *See Molski v. Mandarin Touch*, 359 F. Supp. 2d 924 (C.D. Cal. 2005). In *Mandarin Touch*, the court declined to exercise supplemental jurisdiction over the plaintiff's claims brought under the Unruh Civil Rights Act for violation of state disability laws. *Id*. at 936. The court in *Mandarin Touch* cites

6

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

several rationales for its decision. **First**, the court noted that the state law claims raise novel and complex issues of law, including the proper measure of damages under state disability statutes. *Id*. at 936. **Second**, the court concluded that the state law claims "substantially predominate" over the remedy sought through the federal claims. *Id*. at 937. **Finally**, the court held that principles of comity strongly favor dismissing that state law claims. *Id*. (citing *Executive Software N. Am., Inc. v. United States Court for Central District of Cal*., 24 F.3d 1545, 1553 (9th Cir. 1994) ("When novel issues of state law are presented, though, considerations of judicial economy are not determinative.")).

Indeed, like the plaintiff in *Mandarin Touch*, all but one of Plaintiff's claims is brought under state law. Moreover, Plaintiff's state law claims allow for both injunctive relief and damages. Thus, each of the factors discussed by *Mandarin Touch* support the dismissal of Plaintiff's state law claims. *See Louie v. BFS Retail & Commercial Operations, L.L.C*., 2008 WL 648458, *3-4 (E.D. Cal Feb 28, 2008) (refusing to exercise supplemental jurisdiction over state claims and rejecting "preemption" argument, finding that "there remains "no federal-question jurisdiction over a lawsuit or damages brought under California's [statutes], even though the California statute[s] make[ ] a violation of the [ADA] a violation of state law.") (citing *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002); *Sanford v. Del Taco, Inc.*, 2006 WL 1310318, *4 (E.D. Cal. May 12, 2006) ("remaining state law claims raise novel and complex issues of state law.").

Here, California state courts should be the forum to develop state law as it relates to the due process concerns with stacking statutory damages and the requirements to mitigate. This Court should elect not to exercise supplemental jurisdiction over the state claims.

7

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## VII. CONCLUSION

It is undisputed that there are currently no actionable accessibility barriers at or in the restaurant and Plaintiff has failed to allege how Plaintiff was specifically discriminated against him. As a result, KFC is entitled to summary judgment.

Dated: December 30, 2020         **WHITBECK, KOOSHKI, & ZREIK LLP**

By: _____
Sam Zreik, ESQ.
Attorney for Defendant
BASRAON LLC

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21515 Hawthorne Blvd. Suite 1130, Torrance, CA 90503.

On December 30, 2020 I served the document described as **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the United States District Court District of California, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

☒(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM) In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF System.

☒(FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 30, 2020 at Torrance, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

_____
Farzan Parandeh