Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch Street, Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Disabilityrights@manninglawoffice.com

Attorneys for Plaintiff JAMES RUTHERFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BASRAON LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | CASE No.: 8:20-cv-00313-MCS-JDE<br><br>Hon. Mark C. Scarsi<br><br>**Plaintiff's Evidentiary Objection to the Declaration of Abel Machado**<br><br>Date:  March 1, 2021<br>Time:  9:00 a.m.<br>Ctrm:  7C |

Plaintiff James Rutherford respectfully submits his Evidentiary Objections to the evidence filed by Defendant Basraon LLC in support of Defendant's Motion for Summary Judgment as follows:

"In a summary judgment motion, documents authenticated through personal knowledge must be attached to an affidavit that meets the requirements of [Rule 56(e)] and the affiant must be a person through whom the exhibits could be admitted into evidence." To meet the requirements of Rule 56, documents "are required to be authenticated by affidavits or declarations of persons with personal knowledge through whom they could be introduced at trial." *Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "A writing is not authenticated simply by attaching it to an affidavit . . . The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document, . . . ." *U.S. v. Dribble*, 429 F.2d 598, 601-02 (9th Cir. 1970) (finding that summary judgment should cannot be predicated on insufficient affidavits that did not establish the admissibility of the attached evidence). In addition, "documents do not automatically become part of the record [on summary judgment] just because they are products of discovery." *Hoffman v. Applicators Sales and Service, Inc.*, 439 F.3d 9, 14-15 (1st Dir. 2006) (documents offered for summary judgment must be authenticated by someone with personal knowledge); *Estremera v. U.S.*, 442 F3d 580, 584–585 (7th Cir. 2006) (declaration of attorney insufficient to authenticate documents where knowledge was based only upon interviews with witnesses and review of documents).

Defendant's declaration filed in support of this Motion violates these principles in several respects. All of Defendants' evidence is unauthenticated, and Defendants make no attempt to properly lay the foundation for admissibility. Specifically, in her declaration, CASp Abel Machado attempts to opine as to the condition of the Property without personal knowledge by using unauthenticated photographs taken by a third party at some unknown time and location. Further, Ms. Machado's declaration makes

a single sweeping conclusion, which she supports solely through a report that is hearsay, and not through admissible testimony. This is incompetent evidence that must be disregarded by the Court.

## I. DECLARATION OF ABEL MACHADO

Plaintiff objects to the declaration of Defendant's witness Abel Machado ("Machado Decl.") paragraphs 1, 4, 5, and Exhibit B attached thereto on several independent grounds. The evidence offered by Defendants is vague, conclusory, and ambiguous, lacks foundation, and is hearsay under the Federal Rules of Evidence.

Ms. Machado failed to establish minimum standards of qualification or reliability of herself as an expert who makes testimony, attached to the Machado Decl. as Exhibit B that could permit the court to consider it. (Machado Decl. ¶5) Federal Rule of Evidence 702 provides that expert testimony is admissible only if it satisfies four criteria: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliability applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The Supreme Court established in *Daubert v. Merrell Dow Pharms., Inc.*, that the "trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. 579, 589 (1993). It is the district court's duty to act as "gatekeeper" and scrutinize expert evidence. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-49 (1999); *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). "Nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to the existing data only by the *ipse dixit* of the expert." *Kumho*, 526 U.S. at 157. "When an expert's opinion is not sufficiently tied to the facts of the case, courts have found that the opinion in unreliable and should be precluded." *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, 2013 WL 4538210, at *2 (N.D. Cal. Aug. 22, 2013); *Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 1111, 1115 (N.D. Cal. 2011).

Ms. Machado's testimony is inadmissible because it relies on insufficient facts and data based on photographs taken by an unknown person, at an unknown time, at an unknown location, and which have been authenticated by no one. Ms. Machado's opinion is based solely on unauthenticated photographs to which she did not take herself and she has no foundation. Ms. Machado's opinion, based solely on unreliable photographs to which she has no knowledge, is therefore unreliable and should be precluded. Therefore, paragraphs 4-5 and Exhibit B to Machado's Decl. should be stricken pursuant to Federal Rule of Evidence 702.

Further, the defense introduced <u>no testimony</u> as to Ms. Machado's principles and methods to form her opinion as a CASp, or the requisite criteria of FRE 702. Nor did the defense include any declaration from CASp expert Abel Machado that describes any methodology by which Ms. Machado apparently analyzed the Property. *E.g. Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 930- 31 (C.D. Cal. 2010) aff'd sub nom. *Gable v. Nat'l Broad. Co., Inc.*, 438 F. App'x 587 (9th Cir. 2011) (excluding expert testimony where the expert had "not identified the principles and methods that he used to form his opinion, making it impossible for the court to evaluate whether such methods are reliable," and where the expert testimony was "entirely unsupported and conclusory.") Therefore, the Court must exclude paragraph 4-5 and Exhibit B of Machado Decl. because of the many foundational and authentication defects of FRE 602, 702, and 902.

In addition to being inadmissible expert testimony under FRE 702, the statements made by Ms. Machado are inadmissible hearsay under FRE 802. The report and its accompanying documents allegedly created by Ms. Machado and attached as Exhibit B are statements made out of court, offered to prove the truth of the matter asserted, and are therefore inadmissible hearsay. Moreover, Exhibit B does <u>not</u> qualify for any hearsay exception under FRE 803[1] and none of the analysis and conclusions set forth in

---

[1] Exhibit B is not a Record of Regularly Conducted Activity under FRE 803(6), because it was not "kept in the course of a regularly conducted activity of" Defendant [803(6)(B)], and making the record of Exhibit B was not a "regular practice of that activity" [803(6)(C)]. Furthermore, even Exhibit B did meet the requirements of

that document are testified to in Ms. Machado's declaration. "[H]earsay evidence in Rule 56 affidavits is entitled to no weight." *Scosche Industries, Inc. v. Visor Gear Inc.*, 121 F.3d 675, 681 (9th Cir. 1997) (internal quotes omitted). Indeed, "hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions." *Paul v. Holland America Line, Inc.* 463 F.Supp.2d 1203, 1206 (W.D. Wash. 2006), c*iting Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 667 (9th Cir. 1980).

Similarly, Ms. Machado's single conclusory statement that "I have concluded that none of the barriers alleged in the Complaint exist at the Restaurant" is not supported by any analysis or admissible evidence. Therefore, the Machado Decl. ¶¶ 4-5 and Exhibit B must be stricken for being inadmissible hearsay under FRE 802, in addition to being inadmissible under FRE 702, and 902.

///
///
///

---

803(6)(A-C), which it does not, it would fail under 803(6)(D) because there is no certification on record that complies with Rule 902(11) or (12).

II.   **SPECIFIC EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ABEL MACHADO**

| Defendant's Material Objected To: | Plaintiff's Ground for Objection |
|---|---|
| 1. Declaration, in its entirety. | Unreliable Expert Opinion (Fed. R. Evid. 702) Ms. Machado's testimony is inadmissible because it relies on insufficient facts and data based on photographs taken by an unknown person, at an unknown time, at an unknown location, and which have been authenticated by no one. Ms. Machado's opinion is based solely on unauthenticated photographs to which she has no knowledge and she has no foundation.<br><br>There is no testimony as to Ms. Machado's principles and methods to form her opinion as an expert CASp.<br><br>Ms. Machado's single conclusory statement that "I have concluded that none of the barriers alleged in the Complaint exist at the Restaurant" is not supported by any analysis or admissible evidence.<br><br>Inadmissible Hearsay (Fed. R. Evid. 803) The report and its accompanying |

| | |
|---|---|
| | documents allegedly created by Ms. Machado and attached as Exhibit B are statements made out of court, offered to prove the truth of the matter asserted, and are therefore inadmissible hearsay, and do not qualify for a hearsay exception. None of the analysis and conclusions set forth in Exhibit B are testified by Ms. Machado in her declaration. <br><br> Lack of Authentication (Fed. R. Evid. 901a.) & Hearsay (Fed. R. Evid. 801) Exhibit B of the declaration is hearsay and lacks foundation. The photographs contained in Exhibit B upon which Ms. Machado relies for her opinion are not authenticated. |
| 2. **Exhibit B** to Machado Decl. | Unreliable Expert Opinion (Fed. R. Evid. 702) Ms. Machado's testimony is inadmissible because it relies on insufficient facts and data based on photographs taken by an unknown person, at an unknown time, at an unknown location, and which have been authenticated by no one. Ms. Machado's opinion is based solely on unauthenticated photographs to which she has no knowledge and she has no foundation. |

| | |
|---|---|
| | There is no testimony as to Ms. Machado's principles and methods to form her opinion as an expert CASp. |
| | Inadmissible Hearsay (Fed. R. Evid. 803) The report and its accompanying documents allegedly created by Ms. Machado and attached as Exhibit B are statements, made out of court, offered to prove the truth of the matter asserted, and are therefore inadmissible hearsay, and do not qualify for a hearsay exception. None of the analysis and conclusions set forth in Exhibit B are testified by Ms. Machado in her declaration. |
| | Lack of Authentication (Fed. R. Evid. 901a.) & Hearsay (Fed. R. Evid. 801) Exhibits B of the declaration is hearsay and lacks foundation. The photographs contained in Exhibit B upon which Ms. Machado relies for her opinion are not authenticated. |
| 3. "I am a Certified Access Specialist, currently under the employ of Access Design Specialist, and have personal knowledge of the matters | Ms. Machado does not have personal knowledge of the matters stated in her declaration. Ms. Machado's opinion is based on photographs taken by an |

| | |
|---|---|
| stated herein. If called as a witness, could and would competently testify hereto."<br>Machado Decl. ¶1. | unknown person, at an unknown time, at an unknown location, and which have been authenticated by no one. Ms. Machado's opinion is based solely on unauthenticated photographs to which she has no knowledge and she has no foundation. |
| 4. "Based on my review, I found that all of the abovementioned alleged violations have been corrected and Restaurant not fully compliant with the guidelines of the American with Disabilities Act Accessibility Guidelines.  Based on my observations, training, and knowledge of applicable standards, I have concluded that none of the barriers alleged in the Complaint exist at the Restaurant. All violations are compliant with the applicable 2010 ADA Standards and 2016 California Building Code..<br>Machado Decl. ¶ 4. | Unreliable Expert Opinion (Fed. R. Evid. 702) Ms. Machado's testimony is inadmissible because it relies on insufficient facts and data based on photographs taken by an unknown person, at an unknown time, at an unknown location, and which have been authenticated by no one. Ms. Machado's opinion is based solely on unauthenticated photographs to which she has no knowledge and she has no foundation.<br><br>There is no testimony as to Ms. Machado's principles and methods to form her opinion as an expert CASp.<br><br>Ms. Machado's single conclusory statement that "I have concluded that none of the barriers alleged in the Complaint exist at the Restaurant" is not supported by any analysis or admissible evidence. |

| | |
|---|---|
| | Inadmissible Hearsay (Fed. R. Evid. 803) The report and its accompanying documents allegedly created by Ms. Machado and attached as Exhibit B are statements made out of court, offered to prove the truth of the matter asserted, and are therefore inadmissible hearsay, and do not qualify for a hearsay exception. None of the analysis and conclusions set forth in Exhibit B are testified by Ms. Machado in her declaration. |
| | Lack of Authentication (Fed. R. Evid. 901a.) & Hearsay (Fed. R. Evid. 801) Exhibits B of the declaration is hearsay and lacks foundation. The photographs contained in Exhibit B upon which Ms. Machado relies for her opinion are not authenticated. |
| 5. "Attached hereto as Exhibit B are photographs I reviewed showing the absence of the alleged violations at the Restaurant. Machado Decl. ¶ 4. | Unreliable Expert Opinion (Fed. R. Evid. 702) Ms. Machado's testimony is inadmissible because it relies on insufficient facts and data based on photographs taken by an unknown person, at an unknown time, at an unknown location, and which have been authenticated by no one. Ms. Machado's opinion is based solely on unauthenticated |

| | |
|---|---|
| 1 | photographs to which she has no |
| 2 | knowledge and she has no foundation. |
| 3 | |
| 4 | There is no testimony as to Ms. |
| 5 | Machado's principles and methods to |
| 6 | form her opinion as an expert CASp. |
| 7 | |
| 8 | Ms. Machado's single conclusory |
| 9 | statement that "I have concluded that none |
| 10 | of the barriers alleged in the Complaint |
| 11 | exist at the Restaurant" is not supported by |
| 12 | any analysis or admissible evidence. |
| 13 | |
| 14 | <u>Inadmissible Hearsay</u> (Fed. R. Evid. 803) |
| 15 | The report and its accompanying |
| 16 | documents allegedly created by Ms. |
| 17 | Machado and attached as Exhibit B are |
| 18 | statements made out of court, offered to |
| 19 | prove the truth of the matter asserted, and |
| 20 | are therefore inadmissible hearsay, and do |
| 21 | not qualify for a hearsay exception. None |
| 22 | of the analysis and conclusions set forth in |
| 23 | Exhibit B are testified by Ms. Machado in |
| 24 | her declaration. |
| 25 | |
| 26 | <u>Lack of Authentication</u> (Fed. R. Evid. |
| 27 | 901a.) & <u>Hearsay</u> (Fed. R. Evid. 801) |
| 28 | Exhibits B of the declaration is hearsay and lacks foundation. The photographs |

| | contained in Exhibit B upon which Ms. Machado relies for her opinion are not authenticated. |
|---|---|

Dated: January 13, 2021                    **MANNING LAW, APC**


                              By: /s/ Joseph R. Manning, Jr., Esq.
                              Joseph R. Manning, Jr., Esq.
                              Attorney for Plaintiff