UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **8:20-cv-00313-MCS-JDE** | Date | February 17, 2021 |
|---|---|---|---|
| Title | ***James Rutherford v. Basraon LLC*, et al.** | | |

Present: The Honorable    Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS) ORDER DENYING MOTION SUMMARY JUDGMENT (ECF NO. 31)**

Before the Court is Defendant Basraon LLC's motion for summary judgment. Mot. for Summ. J., ECF No. 31. The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. The Court takes off calendar the hearing on the motion set for March 1, 2021.

The motion for summary judgment is denied without prejudice for failure to comply with Local Rule 7-3. "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. L.R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)). As the Court advises in its

standing order, "[c]ounsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court." Initial Standing Order § 9(c), ECF No. 24.

Here, Defendant does not provide a statement of compliance with the prefiling conference requirement. Reviewing the moving papers, it appears that no prefiling conference took place. Instead, Defendant appears to have filed the motion for summary judgment without meeting and conferring. As Plaintiff states in the opposition to Defendant's motion for summary judgment, "no such conference of counsel took place to discuss the substance of the contemplated motion, no exchange of evidence was provided in support of such a motion, and the parties had no opportunity to discuss potential resolution." Opp'n 1, ECF No. 35.

Additionally, the parties dispute whether the Court should exercise supplemental jurisdiction over Plaintiff's state law claims. *See* Mot. for Summ. J. 6, 7; *see also* Opp'n 7-11. However, the Court previously declined supplemental jurisdiction over the state law claims and has not since changed that decision. *See* Order re Scheduling Dates 1, 2, ECF No. 21.

The Court has discretion to deny a motion for failure to comply with the prefiling conference requirement. *United States v. Kan-Di-Ki LLC*, No. CV 10-965-JST (RZx), 2013 U.S. Dist. LEXIS 198258, at *1–2 (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002)). The motion is denied without prejudice to renewal after an adequate prefiling conference of counsel. The Court reminds the parties that they must file any motions brought under Fed. R. Civ. P. 56 by April 19, 2021. Jury Trial Order 3, ECF No. 40.

**IT IS SO ORDERED.**